IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN
AND FOR CHARLOTTE COUNTY,
FLORIDA

CASE NO.    20000349CA

AMY GRANT,

    Plaintiff,

v.

GEOVERA SPECIALTY INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT

Plaintiff, **AMY GRANT**, sues the Defendant, **GEOVERA SPECIALTY INSURANCE COMPANY**, and alleges as follows:

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of prejudgment interest, attorney's fees, and costs.

2. At all material times, Defendant was a corporation, duly authorized and licensed to transact insurance business in the State of Florida. Defendant regularly conducted business, had offices, and/or maintained agents for the transaction of its customary business in Charlotte County, Florida.

3. Plaintiff's property is located in Charlotte County, Florida, and Plaintiff is otherwise *sui juris*.

4. Plaintiff's dwelling, located at 22048 Belinda Avenue, Port Charlotte, FL 33952 (hereafter "the Property"), sustained covered losses due to water.

5. Plaintiff notified Defendant of the damages.

6. Defendant assigned claim number 1924205996 to the loss.

7. Defendant assigned a date of loss of September 3, 2019.

8. Defendant insured Plaintiff's dwelling, pursuant to policy number ▓▓▓▓▓▓▓▓ (hereafter "the Policy").

9. The Policy, including the coverages to protect Plaintiff against the above loss, was in full force and effect as to Plaintiff when Plaintiff's property was damaged. Plaintiff is unsure whether Plaintiff has a complete copy of the Policy; however, a complete copy of the Policy has been requested from Defendant and will be produced during discovery.

10. Plaintiff complied with all conditions precedent to entitle Plaintiff to recover under the Policy, or Defendant waived compliance with such conditions.

11. Defendant has failed to provide coverage for certain of Plaintiff's losses.

12. As a result, Defendant has failed to pay for all of Plaintiff's losses.

13. Defendant's failure to pay for all of Plaintiff's losses is a material breach of contract.

14. As a result of Defendant's material breach of contract, it has become necessary for Plaintiff to retain the services of the undersigned attorney.

**WHEREFORE**, Plaintiff demands judgment against Defendant for all losses with interest on any overdue payments, plus attorney's fees and costs, pursuant to sections 626.9373, 57.041, and 92.231, Florida Statutes, and demands a trial by jury.

Dated this 22nd day of April, 2020.

THE NATION LAW FIRM, LLP

_____
Eduardo J. Faria, Esquire
Florida Bar No. 119144
570 Crown Oak Centre Drive
Longwood, FL  32750
Telephone:  (407) 339-1104
Facsimile:  (407) 339-1118
Primary Email: svukelic@nationlaw.com
Secondary Email:  efaria@nationlaw.com
Attorneys for Plaintiff